1  JOHN A. CASE, JR. (126671)
   jcase@CaseWebLaw.com
2  LAW OFFICES OF JOHN A. CASE, JR.
   11601 Wilshire Blvd. Suite 500
3  Los Angeles, California 90025
   (310) 203-3911, fax (310) 867-2096
4
   Attorneys for Plaintiff
5  GUIDO KARP

8           UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA

11 GUIDO KARP, an individual,         )  Case No.
                                      )
12           Plaintiff,               )
                                      )  COMPLAINT FOR:
13       vs.                          )
                                      )
14                                    )  (1)   DIRECT COPYRIGHT
   HELMUT BUCHEM, an individual;      )        INFRINGEMENT
15 and DOES 1 through 100, inclusive, )
                                      )  (2)   CONTRIBUTORY
16           Defendants.              )        COPYRIGHT
                                      )        INFRINGEMENT
17 _____)
                                         (3)   VICARIOUS COPYRIGHT
18                                             INFRINGEMENT
19
                                         (4)   INJUNCTIVE RELIEF
20
21                                       DEMAND FOR JURY TRIAL

1

COMPLAINT

For his Complaint herein, plaintiff GUIDO KARP, an individual, alleges, based upon his own personal knowledge or upon information and belief as to matters not within his own personal knowledge, as follows:

## *NATURE OF THE ACTION*

1. Plaintiff GUIDO KARP is an internationally recognized photographer, specializing in music and celebrity photography. Plaintiff has a storied history producing photographs of and about many musical artists, such as Michael Jackson, AC/DC, The Rolling Stones, Justin Timberlake, and many more. For decades, plaintiff crouched the sidelines, capturing the action all around the world, preserving with his photography historic concerts, great hits, and remarkable appearances. Plaintiff's collection represents the physical embodiment of the musicians' life work, and a devotion to capturing the history of celebrated artists for generations to come.

2. This action involves a photograph of plaintiff GUIDO KARP, who is the owner of such photograph. Plaintiff applied for U.S. copyright registration of such photograph before filing this action. Such photograph is referred to herein as the "Copyrighted Work."

3. Defendants are infringing the Copyrighted Work by reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted Work, in digital form, and by manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, and otherwise exploiting exact copies of the Copyrighted Work, or substantially similar copies of the Copyrighted Work, or derivative works based upon the Copyrighted Work, among other infringements, knowingly and wilfully, without plaintiff's authorization, and despite actual notice of copyright infringement.
//

4. Defendants' conduct has caused and continues to cause plaintiff grave and irreparable harm, for which there is no adequate remedy at law.

## *JURISDICTION AND VENUE*

5. This Court has subject matter jurisdiction over the federal claims alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in the Central District of California; one or more defendants reside, may be found, or are subject to personal jurisdiction in the Central District of California; and one or more defendants are not resident in the United States.

## *PARTIES*

7. Plaintiff GUIDO KARP ("Karp") is a individual domiciled in the County of Los Angeles, State of California.

8. On information and belief, defendant HELMUT BUCHEM is an individual residing in Germany.

9. Plaintiff is unaware of the true names and capacities of the defendants sued as DOES 1 through 100, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when that information is ascertained. Plaintiff is informed and believe, and therefore alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by such defendants.

//

10. On information and belief, defendants' actions alleged herein were undertaken by each defendant individually; were actions that each defendant caused to occur; were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct; or were actions in which each defendant assisted, participated, or otherwise encouraged; and are actions for which each defendant is liable. On information and belief, each of the defendants acted as the agent, employee, partner, co-conspirator, or alter ego of each of the other defendants. On information and belief, in performing the acts and omissions alleged herein, each of the defendants acted within the course and scope of such agency, employment, partnership, conspiracy, or alter ego relationship. On information and belief, in performing the acts and omissions alleged in this Complaint, each of the defendants herein acted in concert and conspiracy with each of the other defendants herein; and aided and abetted the other defendants, in that each defendant had knowledge of those actions, provided assistance, and benefited from those actions, in whole or in part; except as otherwise specifically alleged herein.

## ***GENERAL ALLEGATIONS***

The Original Copyrighted Work

11. This action involves a photograph of plaintiff GUIDO KARP, who is the owner of such photograph. Plaintiff applied for U.S. copyright registration of such photograph before filing this action. Such photograph is referred to herein as the "Copyrighted Work."

Acts of Copyright Infringement

12. Defendant HELMUT BUCHEM is a German accountant. In or about November 2014, HELMUT BUCHEM commenced displaying a digital

image of the Copyrighted Work on his website located at domain name buchem-stb.de. The Copyrighted Work accompanied an article about plaintiff that HELMUT BUCHEM copied from a news source. HELMUT BUCHEM used the Copyrighted Work without plaintiff's permission and without credit. HELMUT BUCHEM altered the Copyrighted Work by cropping it, also without plaintiff's permission and without credit. Plaintiff did not authorize or license such reproduction, use, display, and alteration of the Copyrighted Work on the buchem-stb.de website, and plaintiff was not paid for defendants' unauthorized reproduction, use, display, and alternation of the Copyrighted Work on such website.

13. On or about December 6, 2014, plaintiff gave written notice to HELMUT BUCHEM by e-mail that defendants did not have authorization to use, reproduce, display, or alter the Copyrighted Work. Defendants continued to use, reproduce, display, and alter the Copyrighted Notice despite actual notice of infringement.

14. Various defendants, including HELMUT BUCHEM, reproduced, used, and displayed the altered digital image of the Copyrighted Work online, without plaintiff's authorization, license, or consent. Such defendants enabled and made available such digital images for anyone to download, copy, and reproduce, without plaintiff's authorization, license, or consent. Plaintiff is informed and believes that defendants' infringement of plaintiff's copyright in the Copyrighted Work is national and international in scope.

### FIRST CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 above, as if fully set forth herein.

16. Plaintiff GUIDO KARP is the owner of the Copyrighted Work. Plaintiff applied for U.S. copyright registration of the Copyrighted Work prior to filing this action.

17. The Copyrighted Work is wholly original with plaintiff and at all times constituted and constitutes copyrightable subject matter under the laws of United States.

18. Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Work under 17 U.S.C. § 106.

19. At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Work.

20. Since November 2014, defendants reproduced, copied, duplicated, publicly displayed, distributed, prepared derivative works based upon, and otherwise exploited the Copyrighted Work, in digital form, and marketed, advertised, and promoted their website thereby, among other infringements, knowingly and wilfully, without plaintiff's authorization, and despite actual notice of copyright infringement.

21. The infringement of plaintiff's rights in and to each of the Copyrighted Work constitutes a separate and distinct act of infringement.

22. The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

23. Defendants' acts complained of herein constitute infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

24. As a direct and proximate result of defendants' copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial, in an amount not less

than $15,000. Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

25. Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

26. Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

27. Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

28. Under the circumstances described herein, defendants will be unjustly enriched if they are allowed to profit by their wrongful conduct. Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of,

//

all funds, assets, accounts, and business opportunities unjustly acquired by defendants.

29. Plaintiff is further entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 above, as if fully set forth herein.

31. Plaintiff GUIDO KARP is the owner of the Copyrighted Work. Plaintiff applied for U.S. copyright registration of the Copyrighted Work prior to filing this action.

32. The Copyrighted Work is wholly original with plaintiff and at all times constituted and constitutes copyrightable subject matter under the laws of United States.

33. Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Work under 17 U.S.C. § 106.

34. At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Work.

35. Since November 2014, defendants reproduced, copied, duplicated, publicly displayed, distributed, prepared derivative works based upon, and otherwise exploited the Copyrighted Work, in digital form, and marketed, advertised, and promoted their website thereby, among other infringements, knowingly and wilfully, without plaintiff's authorization, and despite actual notice of copyright infringement.

36. Since November 2014, defendants intentionally induced or encouraged direct infringement of the Copyrighted Work by others by making

available the Copyrighted Work, in digital form, to others to reproduce, use, display, offer for sale, or sell, without plaintiff's authorization, license, or consent. On information and belief, such recipients were and are reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted Works, in physical and digital forms, and manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, and otherwise exploiting exact copies of the Copyrighted Works, or substantially similar copies of the Copyrighted Works, or derivative works based upon the Copyrighted Works, among other infringements, knowingly and wilfully, without plaintiff's authorization.

37. The infringement of plaintiff's rights in and to each of the Copyrighted Work constitutes a separate and distinct act of infringement.

38. The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

39. Defendants' acts complained of herein constitute contributory infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

40. As a direct and proximate result of defendants' contributory copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial, in an amount not less than $15,000. Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

41. Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount

of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

42. Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

43. Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

44. Under the circumstances described herein, defendants will be unjustly enriched if they are allowed to profit by their wrongful conduct. Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of, all funds, assets, accounts, and business opportunities unjustly acquired by defendants.

45. Plaintiff is further entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505.

//
//
//

## THIRD CLAIM FOR RELIEF
## *VICARIOUS COPYRIGHT INFRINGEMENT*

46. Plaintiff hereby incorporates by reference paragraphs 1 through 45 above, as if fully set forth herein.

47. Plaintiff GUIDO KARP is the owner of the Copyrighted Work. Plaintiff applied for U.S. copyright registration of the Copyrighted Work prior to filing this action.

48. The Copyrighted Work is wholly original with plaintiff and at all times constituted and constitutes copyrightable subject matter under the laws of United States.

49. Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Work under 17 U.S.C. § 106.

50. At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Work.

51. Defendants had the right to stop or limit infringement by others of the Copyrighted Work, including without limitation by ceasing to make available online digital images of the Copyrighted Work to others to reproduce, use, display, offer for sale, or sell, without plaintiff's authorization, license, or consent, among other ways.

52. Defendants declined to exercise their right to stop or limit infringement by others of the Copyrighted Work.

53. While declining to exercise their right to stop it or limit it, defendants profited from direct infringement by others of the Copyrighted Work, by using the Copyrighted Work and its altered image to market, advertise, and promote their website, and to profit from the Copyrighted Work thereby, among other ways.

//

COMPLAINT

54. The infringement of plaintiff's rights in and to each of the Copyrighted Work constitutes a separate and distinct act of infringement.

55. The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

56. Defendants' acts complained of herein constitute vicarious infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

57. As a direct and proximate result of defendants' vicarious copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial, in an amount not less than $15,000. Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

58. Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

59. Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

60. Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in

violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

61. Under the circumstances described herein, defendants will be unjustly enriched if they are allowed to profit by their wrongful conduct. Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of, all funds, assets, accounts, and business opportunities unjustly acquired by defendants.

62. Plaintiff is further entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505.

## *FOURTH CLAIM FOR RELIEF*
## *INJUNCTIVE RELIEF*

63. Plaintiff hereby incorporates by reference paragraphs 1 through 62 above, as if fully set forth herein.

64. Defendants will, unless preliminarily and permanently enjoined, continue to engage in the foregoing acts and practices against plaintiff. Unless defendants are so enjoined, plaintiff will suffer immediate and irreparable harm for which he lacks an adequate remedy of law.

65. Plaintiff is therefore entitled to orders and judgment of this Court, preliminarily and permanently enjoining defendants and all persons acting in concert with them from the following:

(a) Infringing any of plaintiff's copyrights in the Copyrighted Work.

  (b) Reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, or otherwise exploiting the Copyrighted Work, whether in physical or digital form.

  (c) Manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, or otherwise exploiting exact copies of the Copyrighted Work, or substantially similar copies of the Copyrighted Work, or derivative works based upon the Copyrighted Work, or digital images of the Copyrighted Work.

  (e) Conspiring or acting in concert with anyone else to engage in any of the foregoing activities.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants as follows:

1. On the First, Second, and Third Claims for Relief, for damages according to proof.

2. On the First, Second, and Third Claims for Relief, for any profits of defendants that are attributable to the infringement and are not taken into account in computing actual damages.

3. On the First, Second, and Third Claims for Relief, for an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

4. On all Claims for Relief, for orders and judgment of this Court preliminarily and permanently enjoining defendants from infringing plaintiff's copyrights in the Copyrighted Work and from otherwise engaging in unlawful acts as alleged therein.

5. On the First, Second, and Third Claims for Relief, for an order for the impounding of all copies claimed to have been made or used in

violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503.

6. On the First, Second, and Third Claims for Relief, for a constructive trust on, and a disgorgement of, all funds, assets, property, accounts, and business opportunities unjustly acquired by defendants.

7. For costs of suit, attorney's fees, and prejudgment interest.

8. For such other and further relief as the Court may deem just and proper.

DATED: December 13, 2016        LAW OFFICES OF JOHN A. CASE, JR.

/s/
By:_____
    John A. Case, Jr.
Attorneys for Plaintiff
GUIDO KARP

## DEMAND FOR JURY TRIAL

Plaintiff GUIDO KARP hereby demands a trial by jury.

DATED: December 13, 2016        LAW OFFICES OF JOHN A. CASE, JR.

/s/
By:_____
    John A. Case, Jr.
Attorneys for Plaintiff
GUIDO KARP