JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUIDO KARP<br><br>    Plaintiff,<br><br>vs.<br><br>HELMUT BUCHEM<br><br>    Defendant. | Case No.: CV 16-9229-CBM-KS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING ACTION FOR LACK OF PERSONAL JURISDICTION [28]** |

The matter before the Court is Plaintiff's motion for default judgment. (Dkt. No. 28.)

**I. BACKGROUND**

This is an action for copyright infringement. Plaintiff Guido Karp is a Los Angeles photographer, specializing in music and celebrity photography. (Dkt. No. 28-2 ("Karp Decl.") ¶¶ 2-3.) Karp maintains a web server in Los Angeles, which he uses for email and storing digital images of his copyrighted photographs. (Karp Decl. ¶¶ 5-6.) The server also hosts a website, guidokarp.com, with digital copies of Karp's photographs that he chooses to make available to the general public. (Karp Decl. ¶ 6.) The photograph at issue is a picture of Karp taken by one of his employees, Wayne Shukat, at Karp's direction. (Karp Decl. ¶ 7; Karp Decl. Ex. A ("the Photograph").) The Photograph is only accessible online through Karp's Los Angeles server. (Karp Decl. ¶ 9.)

1

Defendant Helmut Buchem is a German accountant who also maintains a website, buchem-stb.de. (Karp Decl. ¶ 8.) Around November 2014, Buchem began displaying the Photograph on his website to accompany an article about Karp that had been copied from a news source. (*Id.*) The Photograph was cropped to show only Karp's head. (*Id.*) Buchem did not have Karp's permission to alter the photograph or to display it on his website. (Karp Decl. ¶ 10.)

At Karp's direction, Shukat contacted Buchem on December 6, 2014 and informed him that unauthorized display of the photograph on Buchem's website was a violation of U.S. copyright laws. (Karp Decl. ¶ 11; Karp Decl. Ex. D.) Buchem responded on December 10, 2014 with an apology, noting that he did not realize his use of the photograph violated copyright laws. (Karp Decl. Ex. D.) Buchem informed Karp that the page had been removed from his website, and that all copies of the image had been deleted from Buchem's system. (*Id.*) However, Karp later viewed the image on Buchem's website during 2015. (Karp Decl. ¶ 14.) The photo was not actually removed from the website until November 26, 2015. (Karp Decl. ¶ 14.)

Plaintiff Karp filed the present action against Buchem on December 13, 2016, alleging copyright infringement. (Dkt. No. 1.) On June 15, 2017, Plaintiff filed proof of service, indicating that Buchem had been served on March 20, 2017. (Dkt. No. 15.) Because Defendant failed to respond to the complaint, default was entered against him on July 5, 2017. (Dkt. No. 20.) Plaintiff now seeks entry of default judgment against Buchem. (Dkt. No. 28.)

## II. LEGAL STANDARD

**A.    Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the Court may enter a judgment of default upon application by the plaintiff and after an entry of default. *See* Fed. R. Civ. P. 55(b)(2). "To avoid entering a default judgment that can later be successfully

2

attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Even when the Court has jurisdiction to enter judgment, the decision whether to enter default judgment is within the Court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

When exercising its discretion, the Court is guided by the procedural requirements of Fed. R. Civ. P. 55(b)(2) and Local Rule 55-1, as well as the following factors: (1) the merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the possibility of prejudice to the plaintiff; (4) the amount of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**B.     Personal Jurisdiction**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he or she has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)). Under the minimum contacts test, jurisdiction can be either general or specific. *Id.*

A court may assert general personal jurisdiction over defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct.

3

746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Where a court lacks general personal jurisdiction, it may have specific personal jurisdiction if the defendants have certain minimum contacts with the forum state, the controversy arises out of those contacts, and the exercise of jurisdiction is reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). There are three requirements for a court to exercise specific jurisdiction over a non-resident defendant:

1. The defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum."

2. The claim must be one which arises out of or relates to the defendant's forum-related activities.

3. The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).

### III. DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d at 712; *accord Kaldawi v. Kuwait*, 709 F. App'x 452, 453 (9th Cir. 2017). Where, as here, a case sounds in tort, the Court employs the "purposeful direction test" in determining whether there is personal jurisdiction over a non-resident defendant. *Axiom Foods*, 874 F.3d at 1069. To meet this test, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

Plaintiff argues that Buchem has sufficient minimum contacts with California by virtue of his accessing the Photograph on Plaintiff's California

4

server, posting an altered copy of the Photograph on his website, and keeping the Photograph on his website even after learning that Plaintiff and his business reside in California. The first prong of the "purposeful direction" test is clearly met, because Buchem's accessing the Photograph on Plaintiff's website and posting an altered copy on his own website were intentional acts.

The second prong of the test, "'express aiming,' asks whether the defendant's allegedly tortious action was 'expressly aimed at the forum.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (2015). This prong "requires more" than a mere showing "that a defendant engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Axiom Foods*, 874 F.3d at 1069. Accordingly, the mere alteration and display of the Photograph on a German website is insufficient to establish express aiming at California, even if Buchem knew the photograph depicted—and was copyrighted by—a California resident. *Cf. Mavrix Photo, Inc. v. Brand Technologies*, 647 F.3d 1218, 1231 (9th Cir. 2011) ("Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed."). However, Plaintiff argues that Defendant expressly aimed his conduct at California when he accessed the Photograph on Plaintiff's website, which is hosted on a server in California. This argument fails for two independent reasons.

First, there is no contention that merely accessing the Photograph on Plaintiff's server was tortious or otherwise wrongful. Indeed, Plaintiff himself admits that the server "hosts digital copies of [his] photographs that [he] choose[s] to make available to the general public." (Karp Decl. ¶ 6 (emphasis added).) Plaintiff has not suggested that the Photograph was inaccessible, or that it was not among the photos that were made available to the general public.[1] Accordingly,

---

[1] This distinguishes the present case from the one cited by Plaintiff, in which the defendant fraudulently gained access to files on the plaintiff's server. *See Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-CV-00561-WHO, 2017 WL 3485881, at *26 (N.D. Cal. Aug. 15, 2017).

5

Plaintiff has not shown that merely accessing the Photograph on Plaintiff's server was one of Defendant's "allegedly tortious" acts. *Cf. Picot*, 780 F.3d at 1214 (looking to whether the defendant's "allegedly tortious action was 'expressly aimed at the forum'"). Here, the allegedly tortious acts are Buchem's saving a copy of the Photograph, altering it, and displaying it on his website. Plaintiff has not presented any evidence that these acts—which necessarily took place *after* the Photograph had been retrieved from Plaintiff's Los Angeles server—occurred anywhere other than in Germany.

Second, Plaintiff has not provided any evidence that Defendant knew Plaintiff's server was in California at the time he accessed the Photograph.[2] Without evidence that Buchem knew he was accessing a server in California, the act of accessing that server cannot be treated as "expressly aimed" at California. Holding otherwise would "impermissibly allow[] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Axiom Foods*, 874 F.3d at 1069-70 (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014)); *accord Walden*, 134 S. Ct. at 1123 ("Due Process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.") (quoting *Burger King*, 471 U.S. at 475). Here, even interpreted in Plaintiff's favor, the evidence merely shows that Buchem accessed the Photograph stored on Plaintiff's server, and that Plaintiff's server happens to be located in California. This is exactly the kind of "random, fortuitous, or attenuated" contact that is insufficient to establish personal jurisdiction over a defendant. Absent any evidence that Buchem was purposefully

---

[2] Plaintiff does provide evidence that his employee later put Defendant on notice that Plaintiff and his business are in California. However, that evidence does not speak to (a) Buchem's knowledge at the time he accessed the Photograph on Plaintiff's server, or (b) Buchem's knowledge regarding the location of the server at any point in time.

6

attempting to access a server that he knew to be located in California, there is no basis for finding his conduct to be "expressly aimed" at California.

Because Defendant Buchem lacks sufficient minimum contacts with California for the Court to exercise jurisdiction over him, dismissal of the action is warranted. *See In re Tuli*, 172 F.3d at 712 ("In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party. Nevertheless, when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction.") (internal citations omitted).

## IV. CONCLUSION

For the reasons above, Plaintiff's motion for default judgment is **DENIED**, and the action is **DISMISSED**. This dismissal is without prejudice to Plaintiff's bringing his claims in a court of competent jurisdiction.

**IT IS SO ORDERED.**

DATED: March 23, 2018

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE